**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| LATOYIA DUNCAN, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| DIVERSIFIED CONSULTANTS, INC., | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, LATOYIA DUNCAN ("Plaintiff"), through her attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendant, DIVERSIFIED CONSULTANTS, INC., ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the Savannah, Chatham County, Georgia.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Jacksonville, Florida.

11. Defendant is a business entity engaged in the collection of debt within the State of Georgia.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff, originally owed to DirecTV, which Plaintiff does not owe.

17. Plaintiff has neither had any services from nor been a customer of DirecTV.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

19. Within the past year, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone number, 912-266-9920.

20. Defendants calls Plaintiff from several numbers, including but not limited to 904-717-8952, 904-717-8942, 904-717-6021, 904-717-8957, and 904-717-8897 which are five of Defendant's many telephone numbers.

21. On or about January 16, 2018, Plaintiff spoke with Defendant, disputed the debt, and requested that Defendant stop calling her.

22. Despite this request, Defendant continued to place collection calls to Plaintiff's cellular telephone number in an attempt to collect a debt that Plaintiff does not owe and that Plaintiff disputed with Defendant.

23. On or about February 19, 2018, Plaintiff again requested Defendant to stop calling her.

24. Despite these repeated requests, Defendant continued to place collection calls to Plaintiff on a debt that she does not owe.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling her;

    b. Defendant violated § 1692d(5) of the FDCPA by causing the telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling her;

    c. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant continued to bombard Plaintiff with collection calls after Plaintiff orally disputed owing the debt; and

    d. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant continued bombard Plaintiff with collection calls after Plaintiff orally disputed owing the debt.

WHEREFORE, Plaintiff, LATOYIA DUNCAN, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

26. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

28. Any other relief that this Honorable Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

March 22, 2018                By: /s/Shireen Hormozdi
                                      Shireen Hormozdi
                                      SBN: 366987
                                      Hormozdi Law Firm, LLC
                                      1770 Indian Trail Lilburn Road, Suite 175
                                      Norcross, GA 30093
                                      Tel: 678-395-7795
                                      Fax: 866-929-2434
                                      shireen@agrusslawfirm.com
                                      shireen@norcrosslawfirm.com
                                      Attorney for Plaintiff